**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| OMAR GRIFFIN, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV422-008 |
| | ) | CR418-147-01 |
| UNITED STATES OF | ) | |
| AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

*Pro se* movant Omar Griffin pleaded guilty to a single count of conspiracy to possess with intent to distribute five kilograms or more of cocaine. *See* doc. 619 at 1 (Judgment).[1] He was sentenced to a term of 240 months of imprisonment and a ten-year term of supervised release. *Id* at 2-3. He did not appeal. *See generally* docket. He moves to vacate his conviction, pursuant to 28 U.S.C. § 2255. Doc. 635. The Government moved to dismiss his Motion, doc. 637, and Griffin responded, doc. 643. He also moved to "supplement" his Motion, based on the Eleventh Circuit's opinion in *United States v. Jackson*, 36 F.4th 1294 (11th Cir.

---

[1] The Court cites to the criminal docket in CR418-147-01 unless otherwise noted.

2022).  Doc. 650.  The Government moved to "dismiss" his request to amend, doc. 651, and he responded, doc. 652.  All pending matters are, therefore, ripe for disposition.

## ANALYSIS

Griffin's original Motion states two grounds for relief, both based on his trial counsel's alleged ineffective assistance.  He first asserts that his appointed counsel provided ineffective assistance by failing to object to the enhancement of Griffin's sentence, pursuant to 18 U.S.C. § 851, doc. 635 at 3-8, and failing to object to the twenty-year (*i.e.,* 240-month) sentence imposed, *id.* at 8-11.  Griffin's argument that his counsel was ineffective for failing to object to the § 851 enhancement is based on his assertion that a prior conviction, under O.C.G.A. § 16-13-30(j), was not a predicate offense because that statute permits conviction based on an attempt.  *See id.* at 4-5.  Griffin's argument on the second ground is less clear.  *See id.* at 8-10.  He argues that his counsel failed to object to "a 20-year mandatory minimum sentence," *id.* at 8, but, as the Government points out, *see* doc. 637 at 12,  the twenty-year sentence he received was not a "minimum," *see, e.g.,* doc. 632 at 80-81 (District Judge noting that, under the charge to which Griffin pleaded guilty, the potential sentence

was "180 [months, *i.e.,* fifteen years,] on the low end and 240 [months, *i.e.* twenty years,] on the high end . . . ."). For the reasons explained below, the Government's Motion should be granted, and Griffin's Motion should be dismissed, as to both grounds.

"To prevail on a claim of ineffective assistance of counsel, a prisoner must prove that his counsel rendered deficient performance and that he was prejudiced by the deficient performance." *Castillo v. United States*, 816 F.3d 1300, 1303 (11th Cir. 2016) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence." *Putman v. Head*, 268 F.3d 1223, 1243 (11th Cir. 2001). As to the prejudice prong, a defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694; *Matire v. Wainwright*, 811 F.2d 1430, 1435 (11th Cir. 1987) (same); *see also Butcher v. United States*, 368 F.3d 1290,

1293 (11th Cir. 2004) ("[A]ttorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some *conceivable* effect on the outcome of the proceeding is insufficient to show prejudice." (internal cites and quotations omitted) (emphasis added)); *Williams v. United States*, 2017 WL 9439175, at *8, *8 n. 8 (N.D. Ga. July 24, 2017) (quoting *Gordon v. United States* 518 F.3d 1291, (11th Cir. 2008)) ("When sentencing error is raised for the first time in § 2255 proceedings as a claim of ineffective assistance of counsel, the alleged error 'must at least satisfy the standard for prejudice that we employ in our review for plain error,'" and recognizing "the burden of showing prejudice (a reasonable probability of a different result) is essentially the same . . .").

## A. Enhanced Sentence (Ground One)

Griffin's conviction for conspiracy to possess with intent to distribute five kilograms or more of cocaine was enhanced pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851. *See* doc. 619 at 1. Section 841(b)(1)(A), in relevant part, imposes a minimum penalty of ten years for specified violations, but increases the minimum penalty to fifteen years "[i]f any person commits such violation after a prior conviction for a serious drug

felony or serious violent felony has become final." *Id.* The statute defines "serious drug felony," as relevant here, as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . ., for which a maximum term of imprisonment of ten years or more is prescribed by law," 18 U.S.C. § 924(e)(2)(A)(ii), and for which "the offender served a term of imprisonment of more than 12 months," and the offender's release from the term of imprisonment was within fifteen years of the offense of conviction. 21 U.S.C. § 802(57). Section 851 provides mandatory procedures applicable to the establishment of prior convictions to trigger the increased penalties provided by § 924. *See* 21 U.S.C. § 851.

Although Griffin presents his argument as whether his counsel was ineffective under § 851, the substance of his argument indicates that he challenges whether his conviction under O.C.G.A. § 16-13-30(j) was a "serious drug felony." *See* doc. 635 at 5; *see also, e.g.,* doc 637 at 2 (explaining that the Government's notice, pursuant to § 851, identified 2004 convictions for possession of cocaine with intent to distribute, under O.C.G.A. § 16-13-30(b), and possession of marijuana with intent to distribute, under O.C.G.A. § 16-13-30(j), as bases to enhance Griffin's

sentence).  As the Government points out, however, pursuant to the plea agreement, only the prior conviction for possession of cocaine with intent to distribute was relied upon.  *See* doc. 637 at 2 (quoting doc. 620 at 2). Despite the confusion between the two state convictions, the parties' arguments and the legal analysis apply equally to either.

Griffin argues that "[e]mploying the categorical approach," the Court should exclude as predicates convictions under any statute that includes "attempt crimes."  *See* doc. 635 at 4-5.  "To determine whether a prior conviction qualifies as a predicate offense for purposes of a federal sentencing enhancement, [courts] apply a categorical approach that looks to the statutory definition of the prior offense, not to the facts underlying a defendant's prior convictions."[2]  *United States v. Oliver*, 987 F.3d 794, 806 (8th Cir. 2021) (cleaned up).  "When using the categorical approach, [courts] focus solely on whether the elements of the crime of conviction sufficiently match the conduct of a serious drug felony."  *Id.* (internal

---

[2]  Although the Eleventh Circuit has never applied the categorical approach to evaluate whether a prior conviction qualifies as a "serious drug felony," under 21 U.S.C. § 841(b)(1)(A), the definition of "serious drug felony" in 21 U.S.C. § 802(57) incorporates the definition of "serious drug offense," under 18 U.S.C. § 924(e)(2)(A). The Eleventh Circuit has expressly held that "the categorical approach [applies] to determine whether a defendant's prior state conviction qualifies as a serious drug offense under," §924(e)(2)(A).  *United States v. Kelly*, 2024 WL 886860, at *2 (11th Cir. Mar. 1, 2024).

quotation marks and alteration omitted) (citing, *inter alia.*, *Shular v. United States*, 589 U.S. 154 (2020)); *see also, e.g., Kelly*, 2024 WL 886860, at *2 (Under the categorical approach, [courts] consider the statutory definition of the state offense rather than the facts of the crime itself. [Cit.]  A state conviction qualifies only if the state statute under which the conviction occurred defines the offense in the same way as, or more narrowly than, [§ 924(e)(2)(A)'s] definition of a serious drug offense.").

The Government argues that Ground One fails on its merits because Griffin's counsel was not ineffective for failing to object that his prior conviction, under O.C.G.A. § 16-13-30(b), was not a "serious drug felony," under the applicable statutory scheme.  Doc. 637 at 8-10.  The Government points out that the Eleventh Circuit previously considered whether a conviction under O.C.G.A. § 16-13-30(j) qualified as a "serious drug offense," under § 924(e)(2)(A)(ii).  *See id.* at 9 (citing *United States v. Bates*, 960 F.3d 1278 (11th Cir. 2020), *superseded by statute on other grounds as recognized in United States v. Dubois*, 94 F.4th 1284, 1295 (11th Cir. 2024)).  *Bates* expressly rejected the argument that the Georgia statute "fail[ed] the categorical test."  960 F.3d at 1293.  *Bates* concluded that "the elements of . . . conviction[, for possession with intent to

7

distribute marijuana, under O.C.G.A. § 16-13-30(j),] align with the conduct specified in [§ 924(e)(2)(A)(ii)'s] . . . definition of a serious drug offense . . . ," and, therefore, "prior Georgia convictions for possession of marijuana with intent to distribute qualified as predicate offenses . . . ." 960 F.3d at 1293.  As the Government points out, the relevant statutory language in O.C.G.A. § 16-13-30(j), considered in *Bates*, and in the subsection under which Griffin was convicted, O.C.G.A. § 16-13-30(b), "are worded exactly alike."  Doc. 637 at 9.  *Compare* O.C.G.A. § 16-13-30(b) ("[I]t is unlawful for any person to manufacture, deliver, distribute, dispense, administer, sell, or possess with intent to distribute any controlled substance."), *with* O.C.G.A. § 16-13-30(j)(1) ("It shall be unlawful for any person to possess, have under his control, manufacture, deliver, distribute, dispense, administer, purchase, sell, or possess with intent to distribute marijuana.").

Griffin argues that the least culpable conduct criminalized by the statute at issue is "attempted delivery."  He mistakenly cites to O.C.G.A. § 16-13-30(j), and points to no authority that "attempted delivery" would suffice for a conviction.  *See* doc. 635 at 5.  The Government points out that it dismissed the conviction under O.C.G.A. § 16-13-30(j), as a

predicate conviction, pursuant to the Plea Agreement. *See* doc. 637 at 2-3. Griffin's argument is not entirely mooted by the distinction, as O.C.G.A. § 16-13-30(b) includes language that might support the conclusion that "attempted delivery" of a controlled substance is sufficient for a conviction. Even crediting his assertion that "attempted delivery" would constitute a crime,[3] *cf. Rose v. State*, 587 S.E.2d 326, 328 (Ga. Ct. App. 2003) (referring to possible "conviction of trafficking in marijuana or criminal attempt to traffic in marijuana"), *Bates* recognized that O.C.G.A. § 16-13-30(j) was divisible. *See Bates*, 960 F.3d at 1293 ("The statute lists simple 'possession' of marijuana and 'possession with intent to distribute' in the disjunctive, which indicates that they are elements in the alternative (*i.e.* separate offenses).") The *Bates* court concluded, "[a]ccordingly, O.C.G.A. § 16-13-30(j) is divisible such that the modified-categorical approach applies." *Id.* Given the identical

---

[3] It is not entirely clear that Griffin is correct that "attempted delivery" would be excluded from the definition of "serious drug offense," under § 924(e)(2)(A)(ii). The Eleventh Circuit has concluded that "the conduct of 'distributing' in Section 924(e)(2)(A)(ii) includes attempted transfers of controlled substances," so convictions under statutes where the least culpable act proscribed is an attempt qualify as serious drug offenses. *See United States v. Penn*, 63 F.4th 1305, 1317 (11th Cir. 2023). Given that Griffin's argument concerning the least culpable conduct under O.C.G.A. § 16-13-30 applies, to the extent it applies at all, only to the irrelevant portion of the divisible statute, as discussed below, the Court need not definitively resolve the question.

language, O.C.G.A. § 16-13-30(b) is similarly divisible, and the modified-categorical approach applies to it too.

Under the modified-categorical approach, courts "review a limited class of documents—called *Shepard* documents—to determine what crime, with what elements, a defendant was convicted of." *United States v. Lopez*, 75 F.4th 1337, 1341 (11th Cir. 2023) (internal quotation marks and citations omitted). "[They] then identify the least culpable conduct encompassed by that crime." *Id.* (citation omitted). *Shepard* documents include "the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard v. United States*, 544 U.S. 13, 26 (2005). The Government's Motion to Dismiss attaches qualifying *Shepard* documents that establish Griffin pleaded guilty to possession of cocaine with intent to distribute, under O.C.G.A. § 16-13-30(b). *See, e.g.,* doc. 637-1 at 4 (Indictment). Since Griffin's prior conviction was for possession with intent to distribute, the Eleventh Circuit's conclusion, in *Bates*, that such convictions qualify as serious drug offenses, under the modified-categorical approach, controls. *See* 960 F.3d at 1293.

Since the argument that Griffin's prior conviction, under O.C.G.A. § 16-13-30(b), was not a "serious drug felony" would have been meritless, his counsel was not ineffective for failing to raise it. *See, e.g., Hollis v. United States*, 958 F.3d 1120, 1124 (11th Cir. 2020) ("[Movant's] counsel did not perform deficiently by failing to raise a meritless objection."); *Taylor v. United States*, 2017 WL 5202358, at *4 (11th Cir. Aug. 18, 2017) (citing *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001)) (where "counsel's objection would not have been meritorious," failure to raise the objection "did not constitute ineffective assistance under *Strickland*."). Accordingly, Ground One fails on its merits.

Despite the clear defects in Ground One, discussed above, Griffin's response raises several issues that merit comment. There can be no serious dispute that Griffin's Plea Agreement stated that he was subject to a mandatory minimum sentence of fifteen years of imprisonment. Doc. 620 at 2. Similarly, the Agreement expressly stated that the parties agreed "that a specific sentencing range of 180 months[, *i.e.,* fifteen years,] to 240 months would be appropriate in this case." *Id.* Griffin's response suggests that he misunderstands the term "mandatory minimum sentence." He suggests that the 240-month sentence he

received is "unlawful," and that "the lawful 15 years [is] mandated by Federal Law." Doc. 643 at 9. The fifteen-year sentence is "mandatory" only in the sense that the sentencing judge cannot impose a lower sentence; it is a "*mandatory minimum* sentence," not a "*mandatory minimum* sentence." As stated in the statute, and as reflected in Griffin's plea agreement, the maximum sentence upon conviction under 21 U.S.C. § 841 is life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A). In effect, the statute's penalty provision prohibits a sentence below 180 months but permits any sentence above that lower limit up to life imprisonment. There is no way to read § 841 to support Griffin's assertion that a 240-month sentence exceeds the statutory maximum.

Griffin's response also argues, for the first time, that "§ 846 (Count One) can not be used for purposes of § 851 enhancement." Doc. 643 at 2 (cleaned up). He subsequently argues that his state convictions, both the relevant conviction under O.C.G.A. § 16-13-30(b) and the irrelevant conviction under O.C.G.A. § 16-13-30(j), "no longer serve[ ] as valid predicate offense[s] under the changes to §§ 846 and 851," apparently because "§ 846 conspiracy does not qualif[y] as a controlled substance offense for purposes of § 851 statutory enhancement." *Id.* at 2-3.

12

Although the argument that Griffin raises here appears to confuse the function of the various statutes implicated, it is clear, at least, that the conspiracy charge to which he pleaded guilty did not constitute a predicate offense for enhancement purposes. *See, e.g.,* doc. 620 at 2. Whether it could be so used or not is, therefore, not at issue here.

In summary, the record in this case establishes that Griffin's sentence, under § 841(b)(1)(A), was predicated upon his 2004 conviction for possession with intent to distribute a controlled substance (cocaine), under O.C.G.A. § 16-13-30(b). *See, e.g.,* doc. 620 at 2. Moreover, the Eleventh Circuit has held that O.C.G.A. § 16-13-30(j) is divisible and that the portion of the statute criminalizing possession with intent to distribute qualifies as a serious drug offense under § 924(e)(2)(A)(ii). *Bates*, 960 F.3d at 1293. Given that the language of O.C.G.A. § 16-13-30(b) is virtually identical to O.C.G.A. § 16-13-30(j), *Bates*' analysis implies that O.C.G.A. § 16-13-30(b) is divisible and the portion of the statute criminalizing possession of a controlled substance with intent to distribute is a serious drug offense under § 924(e)(2)(A)(ii). The *Shephard* documents establish that Griffin's 2004 conviction was for possession with intent to distribute, not simple possession. *See generally*

doc. 637-1.  Since there is no dispute that Griffin served more than twelve months of imprisonment for that conviction and he was released from that imprisonment within fifteen years of commission of the instant offense, *see, e.g.,* doc. 620 at 2; *see also, generally,* doc. 643, that conviction qualifies as a serious drug felony, under 21 U.S.C. § 802(57).  Any objection to that predicate conviction, therefore, under § 851 or otherwise, would have been meritless and Griffin's counsel could not have been ineffective for failing to raise it.  The Government's Motion to Dismiss should be **GRANTED**, as to Ground One.  Doc. 637, in part.

### B.  Mandatory Minimum Sentence (Ground Two)

The second ground that Griffin's Motion asserts is that his counsel provided ineffective assistance at sentencing "for not challenging the 20-year mandatory minimum sentence."  Doc. 635 at 8.  He asserts, without any citation or explanation, that "[t]he trial court erred when it imposed twenty years statutory mandatory sentence compared to fifteen years mandatory minimum sentence . . . ."  *Id.* at 9 (cleaned up).  The Government points out that "[t]here is nothing in the record that indicates the Court thought that Griffin was subject to a 20-year statutory minimum sentence.  To the contrary, the Court specifically

explained to Griffin that he was subject to a 15-year minimum sentence."
Doc. 637 at 12 (citing doc. 632 at 4, 52-53)).  Since it is simply not true
that Griffin received a "20-year mandatory minimum," any objection to
the imposition of that sentence would have been meritless and, as
discussed above, his counsel was not ineffective for failing to raise it.
Accordingly, the Government's Motion to Dismiss should be **GRANTED**,
as to Ground Two.  Doc. 637, in part.

### C.  Motion to Supplement

Griffin has filed a Motion to Supplement his § 2255 Motion to assert
a claim that he is "actually innocent" of the enhancement of his sentence.
*See* doc. 650 at 1-2.  His argument relies on the Eleventh Circuit's now-
superseded opinion in *United States v. Jackson*, 36 F. 4th 1294 (11th Cir.
2022), *superseded by* 55 F.4th 846 (11th Cir. 2022).  *See id.* at 3-4.  The
Government argues that the proposed supplemental claim is untimely
and does not relate back to Griffin's original Motion.  *See* doc. 651 at 2-
5.  Alternatively, the Government argues that the Motion to Supplement
should be denied as futile because the proposed supplemental claim is
meritless and, arguably, procedurally defaulted.  *Id.* at 5-11.  The
Government incorporates its response to Griffin's characterization of his

claim as asserting "actual innocence," in its response to the claim's merits.  *See id.* at 11.  Griffin has responded.  Doc. 652.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") established a one-year statute of limitations for § 2255 motions.  28 U.S.C. § 2255(f); *Davenport v. United States,* 217 F.3d 1341, 1343 (11th Cir. 2000).  When a movant files a timely § 2255 motion, and then later files an untimely amended or supplemental motion that raises additional claims, the untimely claims are barred by the statute of limitations unless they "relate back" to the original motion under Federal Rule of Civil Procedure 15(c).  *Davenport,* 217 F.3d at 1344.  A claim "relates back" if it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out— in the original pleading."  Fed. R. Civ. P. 15(c)(1)(B).  "[W]hile Rule 15(c) contemplates that parties may correct technical deficiencies or expand facts alleged in the original pleading, it does not permit an entirely different transaction to be alleged by amendment."  *Dean v. United States,* 278 F.3d 1218, 1221 (11th Cir. 2002).  The United States Supreme Court has cautioned that the "conduct, transaction, or occurrence" language of Rule 15(c) should not be defined "at too high a

level of generality," because doing so would defeat Congress's intent to impose a strict time limit on claims for post-conviction relief. *Mayle v. Felix,* 545 U.S. 644, 661-62 (2005) (quotation marks omitted). Thus, an amended pleading relates back to an original pleading only if both pleadings "state claims that are tied to a common core of operative facts." *Id.* at 664.

Judgment was entered against Griffin on March 2, 2021. Doc. 619. His conviction became final fourteen days later, on March 16, 2021, when the deadline to file an appeal expired. *See* Fed. R. App. P. 4(b)(1); *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000). Section 2255(f)'s one-year period ran out, therefore, on March 16, 2022. *See, e.g.,* doc. 651 at 2. Griffin's Motion to Supplement was not filed until October 2022. *See* doc. 650. Any claim it asserts is, therefore, untimely.

The Government argues that the proposed supplemental claim does not relate back. *See* doc. 651 at 3-5. Griffin argues that the claim relates back because his original Motion gave the Government sufficient notice that he challenged the qualification of his prior convictions as predicate offenses. *See* doc. 652 at 6. However, as the Government argues, the facts underlying the originally asserted grounds were entirely different

from the proposed supplement.  *See* doc. 651 at 4-5.  The original claim, as discussed above, concerned whether his Georgia conviction qualified as a "serious drug felony," under the categorical, or modified-categorical, approach.  His proposed supplemental claim relies on the new assertion that his conviction under O.C.G.A. § 16-13-30(b) "involved only ioflupane."  Doc. 650 at 2.[4]  Despite the conceptual similarity between the two challenges, *i.e.*, whether Griffin's prior conviction qualifies as a "serious drug felony," the factual bases for the two claims are distinct, *i.e.*, whether Griffin's prior conviction qualifies under the modified categorical approach, on the one hand, and whether it involved ioflupane, on the other.  Despite the facial similarity in the legal theory underlying both claims, the facts are too divergent to justify relation back.  *See, e.g., Jackson v. United States*, 2024 WL 1134979, at *2 (S.D. Ga. Mar. 15, 2024) (citing *Anderson v. United States*, 2015 WL 13389902, at *10 (S.D. Ohio Feb. 10, 2015)).

Griffin argues that he is "actually innocent of the § 851 statutory enhancement," based on the proposed claim.  *See* doc. 650 at 6-7.  To be

---

[4] As discussed above, Griffin also argues that his prior marijuana-related conviction, under O.C.G.A. § 16-13-40(j) is also not a "serious drug felony."  Doc. 650 at 3-6.  Like his other arguments concerning that conviction, these arguments are moot as it was not relied upon to enhance his sentence.

sure, "a showing of actual innocence provides an exception to the time-bar under AEDPA." *Mims v. United States*, 758 F. App'x 890, 892 (11th Cir. 2019) (citing *McQuiggen v. Perkins*, 569 U.S. 383, 386 (2013)). However, as the Supreme Court has explained, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998). Griffin's arguments concerning the status of his prior drug convictions are entirely legal. His arguments, therefore, do not support any "actual innocence" claim sufficient to avoid AEDPA's statute of limitation. *See, e.g., United States v. Torres*, 2022 WL 894545, at *4 (11th Cir. Mar. 28, 2022) ("[W]e do not extend the actual innocence of sentence exception to claims of legal innocence of a predicate offense justifying an enhanced sentence." (quoting *McKay v. United States*, 657 F.3d 1190, 1198-99) (internal quotation marks omitted)). *Cf. McKay*, 657 F.3d at 1198-99 (favorably discussing Second and Fourth Circuit precedent establishing that "for the actual innocence exception to apply in the noncapital sentencing context, a movant must show that he is *factually* innocence of the conduct or underlying crime that serves as the predicate for the enhanced sentence.").

Since the proposed supplemental claim does not relate back, it is untimely and amendment would be futile. *See, e.g., Williams v. United States*, 2022 WL 10331389, at *6 (S.D. Ga. Agu. 9, 2022) (citing *Weaver v. United States*, 2020 WL 6325724, at *16 (S.D. Ga. Oct. 2, 2020)) ("In the context of a § 2255 motion, amendment is futile when the proposed claims are untimely."). Although the Government requests that the Court "dismiss" the Motion to Supplement, *see* doc. 651 at 5, there is no obvious procedural basis for that request. Instead, Griffin's Motion should be **DENIED**. Doc. 650. The Government's Motion should, therefore, be **DISMISSED** as moot.[5] Doc. 651.

## CONCLUSION

Accordingly, the Government's Motion to Dismiss Griffin's 28 U.S.C. § 2255 Motion should be **GRANTED**. Doc. 637. Griffin's Motion should be **DISMISSED**. Doc. 635. His Motion to Supplement should be **DENIED** as futile. Doc. 650. The Government's Motion to Dismiss the Motion to Supplement should be **DISMISSED** as moot. Doc. 651. Civil action CV422-008 should be **DISMISSED** in its entirety.

---

[5] It appears that the Government's request is predicated upon its argument, in the alternative, that Griffin's claim be dismissed on its merits. *See* doc. 651 at 5-12.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either.  28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and

recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

    **SO REPORTED AND RECOMMENDED**, this 15th day of April, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA